TERRITORY *v.* HENRY L. BODINE.

No. 2051.

SUBMITTED SEPTEMBER 16, 1932.          DECIDED OCTOBER 3, 1932.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PARSONS, J.

Defendant was convicted in the circuit court of assault with intent to rape one Harrietta Vossberg. The case is before us on defendant's bill of nineteen exceptions.

Exception one is to the court's denial of defendant's motion for a directed verdict of not guilty made at the conclusion of the prosecution's opening statement to the jury upon the grounds that said opening statement conclusively showed that the defendant did not commit the crime charged in the indictment, that it contained no offer of proof corroborative of the statement of the prosecuting witness, and upon the further ground that said opening statement showed that whatever assault was made upon the prosecutrix was made after the event and not in furtherance of the intent charged. For the purpose of disposing of this exception it is unnecessary here to repeat at length the opening statement of the prosecuting attorney. An examination of the transcript shows that in said statement the prosecution proposed, in effect and among other things, to prove that late in the afternoon

of May 31, 1931, the prosecutrix and defendant were at Waikiki and that they went together to a churchyard on Kalakaua Avenue, where defendant, after trying unsuccessfully to persuade prosecutrix to kiss him, forced her to the ground and proceeded to take liberties with her person, which are detailed in the statement with sufficient particularity to show the specific intent charged, and which she resisted "as well as she could." Corroborative proof was offered as to her injuries disclosed upon examination by the doctor, as to her screams and calls for help heard by neighbors, some of whom, as the statement of proposed proof discloses, saw her come out of the churchyard "covered with blood," to one of whom she then declared that a man had "attempted to assault her." In the above circumstances it is immaterial that the statement showed that some of the injuries to the prosecutrix were inflicted by the defendant while the prosecutrix was running from the scene of the prior assault.

Whether or not a motion for a directed verdict can, in any event, be sustained for incompleteness in the opening statement of the prosecuting attorney, need not now be determined. The statement in the instant case offered competent proof of all the ingredients of the offense as defined by law and charged in the indictment and that fact alone is sufficient to defeat the exception.

Exceptions two, three and four are grouped and argued together in the briefs. They relate to the rulings of the trial court in permitting the witness Hobday, over the defendant's objections, and despite his motion to strike, to testify to the defendant's declaration referred to in the discussion of exception one. The testimony of the witness as set forth in exception two was that "at about 8:30 P. M. he heard screams coming from the churchyard, which screams lasted about a minute; that

they were hysterical screams ending with a call for 'help.' That he left his residence and ran to the street and upon arriving on the sidewalk he saw Harrietta Vossberg with blood on her face and that the said Harrietta Vossberg was crying and was hysterical. That he observed a swelling on the jaw of the girl. Whereupon the following proceedings took place: 'Q: Did she say anything to you at that time? Mr. Dwight: Just a moment. I object to that as incompetent, irrelevant and immaterial. (Argument) The Court: Objection overruled. Mr. Dwight: Exception.'" Exception three shows that in response to the question propounded as shown above the witness answered: "A fellow has just tried to attack me." The witness further answered that this declaration was made within two minutes after the time when he heard the screams for help. The trial court admitted the declaration as part of the *res gestae*. We find no error in the ruling and no merit in any of the three exceptions last above referred to.

Exception five is as follows: "That thereafter the prosecution called as its witness Samuel Lau, who testified that he procured a confession from the defendant, which confession was introduced in evidence over the objections of the defendant, to which ruling the defendant excepted. That thereafter the following proceedings took place: 'Mr. Dwight: May I have an additional objection on the ground it is incompetent, irrelevant and immaterial, in that it contains statements as to the condition of the defendant, referring to the statement "intoxicated." At this time we will notify the court that we do not rely upon the defense of intoxication. The Court: The document will be admitted in evidence.'" In support of this exception counsel, quoting 33 Cyc., p. 1474, submits, "Where intoxication is not urged as a defense in a prosecution for rape or assault with intent to rape, it is error

to allow the state to introduce evidence that the accused was intoxicated at the time of the alleged commission of the crime." In the case at bar the Territory did not seek to introduce evidence "that the accused was intoxicated," but sought to introduce a three-page signed confession which contained, in addition to matters clearly relevant and material, the defendant's statement, in answer to a question as to what conversation had taken place between himself and Harrietta Vossberg prior to their entering the churchyard, "We talked but I don't remember what was said as I was kind of stewed." As shown in the exception last above quoted counsel's objection was to the confession in its entirety and not to any particular part of the same, and it is not shown that any motion was thereafter made to strike the part now claimed to have been inadmissible. Even if objectionable for the reason urged the part referred to would not have vitiated the confession as a whole or rendered inadmissible the remainder of the confession. But the part referred to was not thus objectionable. It set forth defendant's excuse for not being able to relate with clarity his conversation with the prosecutrix which preceded their withdrawal to the churchyard, and evidence of that excuse was proper to be considered by the jury in determining the weight to be given to the rest of defendant's statement, including the part in his favor as well as the part against him.

Exception six. Dr. David Liu, a city and county physician on duty at the emergency hospital, testified that on the night of May 31, 1931, he made a personal examination of the prosecutrix which disclosed a large swelling on the right side of her jaw, markedly swollen lips, a bleeding nose and other marks of injury about her face and neck. Over objection he also testified to his having made a pelvic examination which disclosed a small

area of redness in the region so examined but no rupture
of the hymen.  Exception six is to the admission of testi-
mony last above referred to.  We find no error in its
admission.  Evidence of the physical condition of prosecu-
trix on the night of May 31, 1931, following the events
testified to, was relevant and material to the issue
of fact before the jury, and the testimony of the
examining physician was competent to prove such con-
dition.  The testimony cannot be excluded because it dis-
closed that the prosecutrix was still a virgin.  That fact
in connection with other circumstances in the case might
be considered corroborative of the prosecutrix' testimony
of her resistance.  Counsel's quotation from *Smith* v.
*State,* 233 S. W. (Ark.) 1081, that "in a prosecution for
assault with intent to rape, where defendant did not
introduce evidence as to the reputation of prosecutrix, it
was error to permit the state to show her good character
for chastity" is not in point.

Exception seven is an additional one to the introduc-
tion of defendant's confession on the ground that the
statement therein contained was an involuntary one.
This exception is not argued in defendant's briefs but is
alleged in his opening brief to be covered by his argument
upon exception six.  That it is so covered is not apparent,
exception six, as above appears, being with reference to a
different and unrelated matter.  Exception five upon the
same subject, to-wit, the admission of defendant's con-
fession, is hereinabove disposed of.  As to the *prima facie*
showing of voluntariness,—the typed and signed con-
fession introduced as prosecution's exhibit "A" recites
in its opening paragraph the following question by police
officer Samuel Lau and answer by the defendant:  "Q.
Henry Bodine, I warn you that anything you say may
be used against you should this matter be taken for trial
in court or for hearing before the judge of the juvenile

court. Your statement, should you make a voluntary one, may be admitted as evidence against you in a criminal action. Do you understand and do you wish to make a voluntary statement? A. Yes." Preliminary to the introduction of the confession testimony was taken on behalf of the prosecution and defense as to the circumstances under which it was made and the court thereupon overruled the objection to it on the ground set forth in exception seven. There was ample evidence that the confession was made voluntarily to sustain the court's ruling.

Exception eight is to the court's denial of defendant's motion for a directed verdict, exception fourteen is to the verdict as rendered and exception nineteen is to the court's denial of defendant's motion for a new trial. The grounds of exceptions eight and fourteen are not argued separately in defendant's brief but are submitted upon the argument as to exception nineteen which will be considered in due course.

Exceptions nine, ten, eleven, twelve and thirteen are presented together. They are to rulings of the trial court permitting, over objection, upon cross-examination of defendant, questions and answers as to the names of two of defendant's witnesses, as to how defendant learned that on the night of May 31, 1931, they were near the scene of the alleged assault and could testify as to facts in the case, and as to whether or not it had not been the practice of defendant and his companions, on other occasions, to take girls to this same churchyard for immoral purposes.

Before the questions objected to, the defendant had testified that while in the churchyard with prosecutrix and following screams of the latter, he had seen boys, whom he could not identify because of the darkness, running near the scene. When asked if he could explain

an alleged discrepancy as to time in the testimony of two witnesses he answered: "Ask my witnesses. They can tell you when I went in there." Then, followed the questions objected to as to the names of witnesses referred to and as to how defendant knew of their availability as witnesses. This was a proper test of defendant's credibility as a witness and was well within the limits of proper cross-examination. The question as to the former practice of defendant and his companions was answered by the defendant in the negative and no attempt was made by the prosecution to prove the contrary. The answer which the question elicited could not have been prejudicial to the defendant. If there was any error (which we do not decide) in overruling defendant's objection to the question it was harmless error and therefore not sufficient under section 2519, R. L. 1925, as amended by Act 42, L. 1931, or otherwise, to require reversal.

Exceptions fifteen, sixteen, seventeen and eighteen are grouped in the briefs. Exception fifteen is to the giving of instruction six at the request of the Territory. Exception fifteen is not argued and is therefore deemed to have been abandoned. Exceptions sixteen and seventeen are to the refusal of the court to grant defendant's requests for instructions numbered five and seven respectively. There are two exceptions, each of which is numbered eighteen in the bill—the first to the refusal of defendant's request number nine and the second to the refusal of defendant's request number eleven. Both are argued in the briefs. Defendant's request number five is as follows: "Before you can convict this defendant you must find beyond all reasonable doubt that the defendant assaulted the prosecutrix and that the assault was made with such force as to indicate the intention to have sexual intercourse regardless of resistance and that

everything short of such degree of force is insufficient." The court had already allowed as instruction five defendant's request number one which is as follows: "You are instructed that the specific intent to commit rape is an essential element of an assault with intent to rape, therefore to convict it must be shown that the accused intended to have intercourse with the female by force and against her will and, in case of assault, he not only used force but he used it with the intention of having intercourse, notwithstanding any resistance on the part of the female." This sufficiently covers the subject and is a better statement of the law. Request number five is incorrect in that it makes the degree of force used in the attempt the sole criterion on the question of intent. As was said by the supreme court of Illinois in *People* v. *Dravilles,* 152 N. E. 212, 213: "A battery is not an essential part of the crime. It may be important on the trial as tending to show the intent with which the assault was committed, but an assault with the intent mentioned in the statute constitutes the crime whether an actual battery or unlawful beating occurs or not. The acts done by the defendant in pursuance of the assault are admissible in evidence for the purpose of characterizing the intent."

Defendant's requested instruction number seven is as follows: "Gentlemen of the jury if you find from the evidence that the woman in this case consented to the acts of the defendant you must acquit him." This is too indefinite in that it fails to specify what acts of the defendant are referred to. In so far as it refers to acts of attempted sexual intercourse it is inapplicable to the facts, the evidence of both prosecution and defendant showing affirmatively that there was no consent to such acts.

Defendant's request number nine is as follows:

"Gentlemen of the jury you are instructed that in the absence of proof of resistance consent is presumed." As set forth in the foregoing paragraph wherein is discussed defendant's request number seven there is no "absence of proof of resistance." Defendant and prosecutrix both testified as to the ultimate and successful resistance on the part of the prosecutrix.

Defendant's requested instruction number eleven reads as follows: "It must be remembered, gentlemen, that this is an accusation easily to be made and hard to be proved, and harder to be defended by the party accused, though never so innocent, and you should be the more cautious upon trials of this nature, wherein you may with so much ease be imposed upon without great care and vigilance; the heinousness of the offense many times transporting you with so much indignation that you are over hastily carried to the conviction of the person accused thereof by the confident testimony, sometimes of malicious and false witnesses." The court had already instructed the jury as to the ingredients of the offense and as to the degree of proof necessary to convict. Defendant's request number eleven, in effect that the jury be cautious in the premises, was merely admonitory and added no principle of law to the instructions given, and in the circumstances the court was not in error in refusing it.

Exception nineteen is to the trial court's denial of defendant's motion for a new trial. The exception thus sets forth the grounds of said motion: "1. Because the verdict is contrary to law. 2. Because the verdict is contrary to and not supported by the evidence. 3. Because the court erred in overruling the defendant's objection to the reception of evidence offered by the prosecution. 4. Because the court erred in refusing to receive evidence offered by the defendant upon the trial.

5. Because the prosecuting attorney was guilty of misconduct in his address to the jury. 6. Because the conduct of the prosecuting attorney was unfair, prejudicial and unwarranted." These grounds were considered on their merits by the trial court and the question of their formal sufficiency or insufficiency is not presented to us. In support of grounds one and two above set forth defendant argues that the transcript shows "no more than that the defendant made certain advances toward the prosecutrix, that she was in his company for about four or five hours and was at liberty to leave at all times and that when she made her first objection the defendant refrained from proceeding further. If the evidence shows any assault at all it was merely a battery committed after it was impossible for the crime of rape to have been committed. The assault and battery under the evidence was therefore committed without any attempt to commit rape." Whether or not the defendant's testimony warrants the above summary we need not say. In any event there was admitted on behalf of the prosecutrix testimony which we deem it unnecessary to quote or to narrate in detail, sufficient to show an assault upon her by the defendant at the time and place, in the manner and with the specific intent averred in the indictment, which was resisted by the prosecutrix sufficiently to defeat the defendant's then expressed and later admitted desire. This with other and undisputed testimony in the case was sufficient to sustain the jury's verdict of conviction.

The third and fourth grounds of the motion for a new trial have been argued under other exceptions hereinbefore disposed of. The fourth and fifth grounds of said motion aver prejudicial misconduct on the part of the prosecuting attorney in his closing address to the jury, set forth in a supporting affidavit of defendant's attorney.

Neither the transcript nor the record shows any objection or exception to the language referred to made or noted at the trial. As was said by this court in *Territory* v. *Buick,* 27 Haw. 28, quoting from page 59 : "The objection was first made after the verdict had been rendered. It was then too late. If the defendant felt aggrieved by any part of the argument for the Territory, he should have noted his objection at once, in order to permit the trial judge to rule upon the objection with a clear recollection of what had just been said by the alleged offending attorney and also in order that the presiding judge might have promptly admonished the jury, if he found that objectionable remarks had been made, against giving any weight or consideration to the argument."

The exceptions are overruled.

*J. C. Kelley,* Public Prosecutor, and *E. N. Sylva,* Assistant Public Prosecutor, for the Territory.