## TERRITORY OF HAWAII *v.* JAMES LOW.

### No. 2436.

SUBMITTED JULY 29, 1940.                    DECIDED AUGUST 8, 1940.

COKE, C. J., PETERS AND KEMP, JJ.

OPINION OF THE COURT BY KEMP, J.

The defendant James Low was indicted, tried and convicted in the circuit court of the fourth circuit of the crime of having sexual intercourse with Leilani Maka, a female not his wife and under the age of sixteen years. The defendant brings the case to this court on exceptions. His bill of exceptions contains ten exceptions but only two of them have been referred to in defendant's briefs. Under the practice in this court (the case having been submitted on briefs) those exceptions not referred to in the briefs will be regarded as abandoned and will not be noticed. (*Stewart* v. *Spalding*, 26 Haw. 162, and cases cited; *Ter.* v. *Bodine*, 32 Haw. 528.)

The exceptions which have been argued allege error in the prosecution's instructions numbers 5 and 7, given to the jury by the court over defendant's objection. Instruction number 5 is as follows: "You are instructed that in any criminal proceeding a wife is not competent or compellable to give evidence against her husband." Instruction number 7 is as follows: "You are instructed, that time is not of the essence of the crime with which

the defendant is charged and that it is not necessary to prove it as alleged, provided only that the proof relates to a time within the period of the Statute of Limitation, and prior to the finding of the indictment."

Defendant argues that instruction number 5 assumes (1) that a wife attempted to testify against her husband, when there was no evidence of such in the case; (2) that the defendant had actual knowledge of section 3827, R. L. H. 1935; (3) that the statutory crime of sexual intercourse with a female under sixteen years of age was committed; and (4) that the defendant is the person who committed the alleged crime. All of counsel's argument proceeds upon the theory that said instruction assumed the existence of the foregoing facts. We are unable to agree with counsel that said instruction assumed the existence of any fact. If it had, it may be that it would come within the principle of the many cases cited and which condemn the giving of instructions which assume that certain material facts have been proved. One phase of the argument is that there is no basis in the evidence for the giving of the instruction. It is true that there was no wife who attempted to testify against her husband, but there was evidence in substantial accord with the admission of the defendant that two days after he was arrested on the charge in question he called upon the prosecuting witness and her mother, offered to marry the prosecuting witness and solicited the mother's consent. The evidence as to the circumstances under which this offer was made was at least sufficient to raise the question of whether or not the defendant sought the marriage for the purpose of disqualifying Miss Maka as a witness against him. But, if the foregoing evidence is insufficient as a basis for the instruction, we fail to see how the giving of it could mislead the jury or was at all prejudicial to the defendant. The abstract proposition of law set forth

in the instruction is admittedly sound. "Instructions stating a mere abstract principle are only objectionable when their tendency is to mislead the jury." *The People* v. *Fuller*, 238 Ill. 116, 135, 87 N. E. 336. "An instruction stating a correct proposition of law is not necessarily misleading or prejudicial merely because it is inapplicable to the facts in evidence, and where it is not so it is not reversible error." 16 C. J. § 2485, p. 1046.

Instruction number 7, by which the jury was told that time is not of the essence of the crime with which the defendant is charged and that it is not necessary to prove it as alleged provided only that the proof relates to a time within the period of the statute of limitations and prior to the finding of the indictment, is admitted by the defendant to correctly state the general law on the subject of variance between allegation and proof. But he argues that time can be and was made of the "essence" in this case by his defense of alibi and the evidence introduced to prove the defendant's guilt. In support of the foregoing proposition, it is asserted that the evidence introduced by the prosecution shows that the alleged offense was committed, if at all, on May 16, 1939, and on no other date, and that unless he can rely upon that date his defense of alibi is destroyed unless his alibi should cover the whole period of the statute of limitations. We cannot subscribe to the proposition that time can become the essence of a crime in any way except by the nature of the crime itself. Defendant has apparently used that term to express the idea that when the evidence as to time is such that the only reasonable inference to be drawn therefrom is that the crime was committed, if at all, upon a particular day and the defense of alibi is made, time becomes material and it is therefore erroneous to give such an instruction as was given in this case because it destroys his defense of alibi.

The indictment upon which defendant was tried alleged that the crime was committed "on or about the 16th day of May in the year of our Lord One Thousand Nine Hundred and thirty-nine." The defendant produced evidence tending to show that he was miles away from the place, where it is claimed the crime was committed, during the whole of May 16, 1939.

It will be necessary to examine in detail the evidence bearing on the time element. The complaining witness testified on direct examination, in effect, that on May 6, 1939, she began working as a waitress in Sun Sun Lau; that on or about May 16, 1939, she served the defendant a meal shortly before 11:00 o'clock; that at that time defendant told her he wanted to see her in his office that morning; that it was important that she be there in the morning; that on the same morning, after she had served other customers, she went to defendant's office and while on that visit the defendant had sexual intercourse with her; that it was about 11:30 o'clock in the morning of May 16 when she left defendant's office, a few minutes after defendant had sexual intercourse with her; that this was the first time she had been in defendant's office, and the only other time she was in his office was late in July, when her sister took her there and accused him of being responsible for her pregnancy.

On her cross-examination the prosecuting witness testified, in effect, that the occasion which she described on her direct examination was the one and only time she had sexual intercourse with the defendant and that she recalled the dates so vividly because it was a strange thing that occurred to her and that she would never be able to forget it. She was then asked: "Q. When you say it, that was something that took place between you and James Low on May 16, 1939, in his office in Furneaux Building, is that correct? A. Yes." Later in the cross-

examination she was asked: "Q. Now, Leilani, you just said a little while ago that you remember the date May 16, 1939, so well because of what took place in that little room, the little room down in Jim Low's office? A. Yes." Agnes Keliihoomalu having testified that the prosecuting witness came to Mr. Low's office on May 11, at half past twelve, that defendant was not there, that she came again on Tuesday, May 16, at half past eleven, that defendant was not there and that she came again on the following Saturday, the prosecuting witness was called to rebut her testimony and was again asked to tell how many times and when she visited defendant's office. In answer to the question, "When was the first time?" she answered, "It was on a Wednesday when I had that trouble with Mr. Low. That was the first one." She then explained that the only time she saw the witness Agnes Keliihoomalu at defendant's office was when her sister sent her to get some money Mr. Low had promised. She was then asked: "Q. Did you see Agnes Keliihoomalu up there in his office on that Wednesday? A. No. Q. Was there anyone there besides Mr. Low? A. No, just myself and him. Q. You had not been up there before that? A. No." The court thereupon asked the witness, "What was the name of the week day upon which you had this unfortunate experience that you claim you had in Mr. Low's office?" to which she answered, "It was on a Wednesday but I think it was on the 16th." On cross-examination the witness again stated that her first visit to defendant's office was on a Wednesday. She was then asked: "Q. Now this at least is the absolute truth. On May 16, 1939 you called at James Low's office for the first time, is that correct? A. Yes, sir." On redirect examination the witness was asked: "Q. Leilani, do you recall what day of the week that this happened to you? A. No, I know it was on May 16. Q. Do you know what day of the week it was? A.

Tuesday or a Wednesday, either one day. Q. Tuesday or a Wednesday? A. Yes." Counsel thereupon stipulated that May 16, 1939, was a Tuesday. The foregoing is all of the evidence having a bearing on when the alleged crime was committed.

There is authority for the proposition that it is not necessary that proof of alibi should cover the entire period of the statute of limitations but that it is necessary that it cover the time sufficient to render it impossible or at least improbable that the defendant could have committed the offense. (*The State* v. *Abbott*, 65 Kan. 139, 69 Pac. 160.)

Defendant's proof of alibi applies to May 16, 1939, only. No attempt was made to account for defendant's whereabouts on any other day. There is evidence given by a witness for defendant that the prosecuting witness visited defendant's office on May 11, May 16 and on the Saturday following May 16, 1939, and from the testimony of the prosecuting witness as a whole the jury might conclude that the crime alleged was committed either on May 16 or May 17, 1939. These facts differentiate this case from *State* v. *Morden*, 87 Wash. 465, 151 Pac. 832; *State* v. *King*, 50 Wash. 312, 97 Pac. 247, 16 Ann. Cas. 322, and *State* v. *Waid*, 92 Utah 297, 67 Pac. [2d] 647, relied upon by defendant. In order to give to the defense of alibi the effect claimed for it by defendant the evidence in support of the indictment must relate to a specific date or period which is covered by the evidence in support of that defense. In other words, had the evidence of the prosecution been such that the only conclusion to be drawn therefrom was that the crime alleged was committed, if at all, on May 16, then the cases relied upon by defendant would support his contention. Since the evidence in support of the alibi applied only to May 16, and the evidence of the prosecution did not fix that date definitely as the

day upon which the crime was committed, if at all, we think the law as several times announced by this court applies. In *Territory* v. *Chung Nung*, 21 Haw. 214, 221, it is held that time is not of the essence of the crime of carnal abuse of a female child under the age of twelve years and that it was not, therefore, necessary to prove it as laid.

Our statute provides that "No indictment shall be held invalid or insufficient * * * provided jurisdiction of the court is shown with certainty sufficient to satisfy a person of ordinary intelligence, for stating time or place imperfectly or incorrectly." R. L. H. 1935, § 5498. The foregoing is substantially the statute which was the basis of the decision of this court in *Territory* v. *Crawford*, 18 Haw. 246, 247, where it is said: "Ordinarily the time of the commission of an offense must be specifically alleged, but unless it is of the essence of the offense it need not be proved as alleged; it is sufficient to allege any time within the statute of limitations and before the finding of the indictment and to prove any other time within that period. If, however, the time is of the essence of the offense it must be proved in so far as it is of the essence." Illustrative of the character of offense in which time is of the essence, the court, in *Territory* v. *Crawford, supra*, mentioned driving after dark without a light and violations of the Sunday law. In the one it must be shown that the driving without a light was during the hours of darkness, though not necessarily on the hour laid in the indictment or information, if the hour is alleged; in the other, the offense must be alleged to have been committed on some Sunday but it is sufficient to show that it was on some other Sunday than the one alleged. All that was said in *Territory* v. *Crawford* has been reaffirmed in *Territory* v. *Kimbrel*, 31 Haw. 81, 86.

The record before us does not disclose what instruc-

tions, other than the ones complained of, were given to the jury. Neither does it disclose whether or not the court refused to give any instruction requested by the defendant. The instruction informed the jury, in effect, that proof that the crime was committed by the defendant at any time within the period of the statute of limitations is sufficient. The jury was not told what that period is. The defendant has not, however, criticized the instruction for failing to so inform the jury. This defect might have been cured by another instruction and, in view of the state of the record before us, we must assume that the defect was cured.

For the foregoing reasons the exceptions are overruled.

*K. H. Lee* and *R. J. O'Brien* for defendant.

*M. Pence,* County Attorney of Hawaii, and *T. Okino,* Deputy County Attorney of Hawaii, for the Territory.