TERRITORY OF HAWAII *v.* LEONCIO ALEGRE
SUMNGAT.

No. 2757.

SUBMITTED JUNE 14, 1950.        DECIDED AUGUST 9, 1950.

KEMP, C. J., LE BARON AND TOWSE, JJ.

OPINION OF THE COURT BY KEMP, C. J.

The defendant was charged by indictment, filed March 19, 1948, in the circuit court, second circuit, that he,

"LEONCIO ALEGRE SUMNGAT at Makena, in the County of Maui, Territory of Hawaii, in the month of August 1946, the exact day or days being to the Grand Jury unknown, did unlawfully and feloniously have sexual and carnal intercourse with a female person under the age of 16 years, to-wit, Violet Poepoe, not the lawful wife of him the said Leoncio Alegre Sumngat,

"Contrary to the form of the statute in such cases made and provided." The defendant pleaded "Not guilty."

After a trial, jury waived, in the circuit court, the court, in a written decision, found the defendant guilty as charged.

The defendant brings the case to this court on exceptions.

The first exception challenges the correctness of the ruling permitting the prosecuting attorney to elicit from the prosecuting witness an admission that when the police questioned her about her relations with the defendant she told them that she first met the defendant in 1946.

Prior to the ruling complained of, the witness, having testified that she first met the defendant in February 1945, was asked if she was sure it was 1945. She did not answer and the prosecution, in order to refresh the witness' memory, asked her if she had not told the police that she first met the defendant in 1946. Counsel for the defendant objected to the question and argued that the question called for hearsay and that to allow it would permit the prosecution to impeach its own witness. It is apparent that, standing alone, the question, asking when the defendant and the prosecuting witness first met, called for information immaterial to any issue in the case. It will be necessary to examine, in some detail, the evidence bearing on the time element to show the materiality of that date. The prosecuting witness, in answer to the question,

"You remember when the police questioned you about this matter about something that happened at Makena, you told them it was in 1946 that you first met Leoncio?" said "Yes." She was then asked, "Which is correct? That you met him in 1945? Or in 1946?" This question was not objected to and she answered, "I know I met him when I was fifteen years old." She then testified that she was born in 1931 and her birth certificate shows that she was born on January 24, 1931. She, therefore, became fifteen years of age January 24, 1946. She further testified in detail as to many acts of sexual intercourse with the defendant beginning when she first met him and continuing "off and on" until she left Makena and went to live with her sister, Mrs. Kauai, at Ulupalakua; that she lived at Ulupalakua about two months; that she left Ulupalakua on December 28 of the year in which she met the defendant; that she then went to Makena for a few days and then went to Kaupo at New Year 1947 to live with another sister. She did not mention August as one of the months in which the defendant had sexual intercourse with her until on cross-examination when she testified as follows:

"Q. Do you remember when it was that he came to your house and stayed there for two weeks?

"A. No.

"Q. You don't know what month it was?

"A. No.

"Q. It might have been in January of 1947, the early part of January?

"A. Not in 1947. I was in Kaupo in 1947.

"Q. What day of the month did you leave for Kaupo?

"A. New Years.

"Q. New Year of 1947?

"A. Yes.

"Q. Now, then, can you give us an idea about what

time of the year it was that this defendant came to your house and stayed two weeks?

"A.   I don't remember.

"Q.   You don't remember.   Well, it wasn't in August of 1946?

"A.   I think it is that month.   I am not sure.

"Q.   You are not sure.   It could have been in December?

"A.   No.

"Q.   What makes you think it was in August?

(No response.)

"Q.   Did you tell anyone—by that I mean police officer—or any person in connection with investigating the facts in this case that the defendant had been in your house in August of 1946?

"A.   I think so.

"Q.   Well, to whom did you make that statement?

"A.   To Sergeant Medeiros."

Thereafter the defendant's confession was admitted in evidence from which we extract the following:

"Q   When did you first meet Violet Poepoe?

"A   About March 1946

"Q   Did you have relations with Violet Poepoe?

"A   Yes I had relations because she comes to me

"Q   Do you know the month or day that you had relations with her?

"A   I cannot recall

"Q   How many times did you have relations with her?

"A   About more than ten times

"Q   When was the first time?

"A   About August in 1946

"Q   Where did that act take place?

"A   In her house.

"Q   Was it during the day or night time?

"A   In the night

"Q   How did it happen that you were at her house that night?

"A   I happened to be walking home and she called me into the house."

* * *

"Q   When was the last time you had relations with Violet?

"A   About two weeks before she went to live at Ulupalakua."

The defendant, having expressly abandoned his exception II, next presented his exceptions numbered III, IV and V, each of which complains of the admission in evidence of the written confession of the defendant, admitted over his objection and which the court refused to strike from the record when the prosecution closed its case.

The sixth and final exception complains of the decision finding the defendant guilty as charged, asserting that "it is contrary to law, the evidence and the weight of evidence * * *."

The circuit judge has, in his written decision, so thoroughly disposed of all of the questions raised by the exceptions that we adopt that part of his decision, quoted below, as the opinion of this court:

"* * * After the prosecution had closed its case and rested, the defense moved to strike from the record the alleged confession, which had been received in evidence as prosecution's Exhibit 'B' on the grounds, first, that there had been no proper showing of the 'corpus delicti' other than the evidence in the confession itself, and secondly, that it was secured involuntarily as having been taken while the defendant was imprisoned, in the presence of police officers including the interpreter, and under the

admonition that 'he had better tell the truth'. After hearing argument on the motion, the Court took its decision under advisement, and thereupon the defense rested.

"As to the matter of the involuntariness of the confession this Court has heretofore consistently ruled that a confession, otherwise shown to have been voluntary is not rendered involuntary under such circumstances.

Terr. v Matsumoto 16 Haw 267

Terr. v Young and Nozawa 37 Haw 189

"As to the first ground of the motion, namely that apart from the confession there has been no establishment of the 'corpus delicti', it becomes necessary to examine the corroborative evidence. The only question raised relates to the proof of the time of the alleged offense. The complaining witness testified as to several acts of sexual intercourse occurring prior to the time alleged in the indictment. At the conclusion of her testimony the defense asked the prosecution to elect which act of intercourse or time period they relied upon. Prosecution replied that it was relying upon the acts of sexual intercourse alleged in the indictment. The complaining witness' father's testimony as to the time when the defendant had stayed at their house was vague and uncertain. The sister of the complaining witness testified that the time when defendant visited their house was a year prior to that testified to by the complaining witness. The Court's observation of these three witnesses leads it to the conclusion that they are, unfortunately, what are known as 'borderline feeble minded' cases, if not actually feeble minded. The only evidence to show the occurrences of the acts of sexual intercourse to have occurred at the time alleged in the indictment, was the confession of the defendant.

"It has been clearly held that time is not of the essence of the crime of having sexual intercourse with a female

under the age of sixteen, and that time cannot become the essence of a crime in any way except by the nature of the crime itself.

Terr. vs Low 35 Haw 571

Nor is it necessary that the indictment allege a specific date for the commission of such an offense as now under consideration, so long as the failure to show specifically the date is not prejudicial to the accused.

Terr. vs Izumi 34 Haw 209

Under such circumstances in such a case, it is sufficient to prove any other time within the statute of limitations and before the finding of the indictment or the entry of the charge.

Terr. vs Low (supra)

Terr. vs Kimbrel 31 Haw 81

Terr. vs Chung Nung 21 Haw 214

Terr. vs Crawford 18 Haw 246

Although the prosecution elected to rely for conviction upon the time alleged in the indictment, it cannot be said that they have thereby failed to establish the 'corpus delicti' in reliance upon proof other than the confession establishing acts of sexual intercourse on the part of the defendant at times prior to that alleged in the indictment but within the statute of limitations.

"Establishment of the 'corpus delicti' does not require proof of the crime by this defendant beyond all reasonable doubt. It merely requires the proof of a criminal act by someone.

Wigmore on Evidence, vol. 7, par. 2072, p. 401

Rep. of Hawaii vs Saku Tokuji 9 Haw 548

Under the facts as briefly outlined above and more fully contained in the record, the prosecution, in view of the

fact that time is not of the essence of this crime, proved the unlawful act on 'the part of someone. It is true neither of the witnesses above referred to knew the defendant by his proper name, although they identified him in open court as the person they were testifying about. This evidence under the applicable rules of law served to establish the 'corpus delicti'. Accordingly, the motion to strike the confession from the record is denied."

The exceptions are overruled.

*E. Vincent* for defendant.

*H. L. Duponte,* County Attorney Maui County, for plaintiff.