## MARY J. DAVIS *v.* HARRY T. MILLS

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED JUNE 3, 1912.                    DECIDED JUNE 7, 1912.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

LIMITATION OF ACTIONS—*acknowledgment and new promise.*

An assertion by the debtor that "it" (the indebtedness sued on) "will be fully and satisfactorily met later on" is sufficient as an acknowledgment and new promise to take the case out of the operation of the statute of limitations.

EVIDENCE—*parol evidence to explain contract.*

Parol evidence is inadmissible to explain or vary the plain meaning of the language of a written agreement.

ATTACHMENT—*sufficiency of affidavit.*

The statute on attachment (L. 1909, Act 60) requires that the affidavit in support of the application for the writ show on its face that the indebtedness specified is "over and above all just credits and offsets."

OPINION OF THE COURT BY PERRY, J.

This is an action of assumpsit upon a joint and several promissory note for $210 dated July 1, 1898, and payable on demand. At the trial the defendants admitted the execution and delivery of the note and relied upon the statute of limitations as their sole defense. It appeared from the evidence that two years' interest had been paid and that on October 3, 1903, the additional sum of $20 was paid on account of interest. For the purpose of taking the case out of the operation of the statute the plaintiff by undisputed evidence proved the delivery of the following letters, the first dated September 15, 1905, and addressed by the plaintiff to the defendant Harry T. Mills and the second written by Mills in reply and dated October 2, 1905: "It is now nearly two years ago since you promised me by letter to send to me some money and later on King Street you thought you could let me have some at which time you promised to call and see me; very strange I think it that neither of these promises have yet been fulfilled and no reason given for such neglect. I am wanting money therefore please let me know without delay what you intend to do." "Your recent letter addressed to Napoopoo is at hand; the delay in replying is owing to the fact that my P. O. is at Kealakekua; will attend to the matter spoken of at the earliest possible moment. At present writing it is impossible for me to write otherwise but it will be fully and satisfactorily met later on." The plaintiff's testimony was sufficient to show that the indebtedness referred to in her letter was that on the note now sued on. A motion for nonsuit was granted as to the defendant Mary K. Mills but denied as to the defendant H. T. Mills. The judgment was for the plaintiff. The exceptions of H. T. Mills present the question of the suffi-

ciency of the letter of October 2, 1905, as a new promise and of the correctness of rulings, rejecting evidence tending to show that at the date of the letter the appellant was not financially able to pay the indebtedness and that the letter was not intended by him as a promise to pay it.

In our opinion the defendant's letter, read in connection with that of the plaintiff to which it was a reply, not only contains a distinct recognition of the existence of the debt but also constitutes an unconditional promise to pay the debt. The verb "to meet", when used with reference to a financial obligation, is ordinarily used as meaning "to pay". Lexicographers give this as one of the recognized definitions of the word. "The matter spoken of" was clearly that mentioned in the plaintiff's letter, the indebtedness on the note, and the statement "it will be fully and satisfactorily met" refers with equal clearness to the same obligation. It is as though the statement had been that "the indebtedness will be fully and satisfactorily met." That the defendant added that "the matter spoken of" would be attended to "at the earliest possible moment" and that the payment would be "later on" did not render the undertaking insufficient as a new promise within the meaning of the rule on the subject. The promise was nevertheless absolute. The language used was unambiguous and extrinsic evidence was therefore inadmissible to vary its plain meaning. So, also, of the proposed evidence of defendant's lack of financial ability. The promise was not subject to any condition concerning the defendant's ability to pay. There is nothing in the letter that can be construed as the equivalent of such a condition.

Upon the filing of the declaration an attachment was issued and levied upon the property of the defendants. To the denial of a motion to dissolve the attachment an exception was noted. The motion should have been granted. The statute on the subject (section 3 of Act 84, L. 1905, as amended by section 2 of Act 60, L. 1909) provides: "The writ of attachment shall be issued by the clerk of the court in which the action is pend-

ing; but before any such writ of attachment shall issue, the plaintiff, or some one in his behalf, shall make and file with such clerk an affidavit showing that the defendant is indebted to the plaintiff (specifying the amount of such indebtedness over and above all just credits and offsets) and that the attachment is not sought and the action is not prosecuted to hinder, delay or defraud any creditor of the defendant." The affidavit filed in support of the attachment recites, with reference to the indebtedness, "that the above named defendants are indebted to her", the plaintiff, "in the sum of $210.00, together with interest from the 1st day of July 1900, at the rate of 9% per annum, less the sum of $20.00 paid on account of such interest on or about the 3rd day of October, 1903", and "that said sum of money with interest thereon, is due to plaintiff from defendants for money borrowed by defendants on said 1st day of July, 1898", but does not show directly or indirectly that the indebtedness mentioned is over and above all just credits and offsets. The mere acknowledgment that the interest has been paid to July 1, 1900, and that the further sum of $20 has been paid on account of interest subsequent to that date is not in effect an assertion that there are no offsets. The statute contemplates that the affidavit shall show on its face that the specified indebtedness is "over and above all just credits and offsets" and compliance with the requirement is indispensable to the valid issuance of an attachment. *Kerns* v. *McAuley,* 8 Idaho 558. In spite of the showing made by the affidavit it may be that offsets exist in favor of the defendant and against the plaintiff.

The exception to the refusal to dissolve the attachment is sustained and all of the other exceptions are overruled. The cause is remanded to the circuit court with directions to dissolve the attachment and for such further proceedings as may be appropriate.

*W. W. Thayer* for plaintiff.

*C. F. Peterson* for defendant.