# TERRITORY v. A. M. CABRINHA.

## No. 1165.

ERROR TO CIRCUIT COURT, FOURTH CIRCUIT.
HON. C. K. QUINN, JUDGE.

SUBMITTED APRIL 21, 1919.                    DECIDED MAY 5, 1919.

COKE, C. J., KEMP AND EDINGS, JJ.

STATUTES—*section 168 R. L. 1915 construed.*

Section 168 R. L. 1915 prohibits an officer of a county from making a sale of goods or property in which he is pecuniarily interested to the county even though he take no official action in behalf of the county in consummating such sale. An indictment under said section which charges the defendant with having, in behalf of a copartnership of which he was a member and in which he was pecuniarily interested, made an agreement with the board of supervisors, of which he was a member, for the sale to the county by said copartnership of goods, wares, etc., without charging that he as such official participated in the making of said agreement, is good as against a general demurrer.

CRIMINAL LAW—*instructions.*

An instruction which authorizes the jury to convict without having found that the crime was committed by the defendant in the manner alleged in the indictment is prejudicial error.

JURY—*disagreement—discharge discretionary with trial court.*

The action of the trial court in discharging a jury and declaring a mistrial will not be reviewed by this court except on a clear showing of abuse of the discretion with which the judge is vested.

OPINION OF THE COURT BY KEMP, J.

The defendant, A. M. Cabrinha, was indicted, tried and convicted of a violation of section 168 of the Revised Laws of 1915 and sentenced to pay a fine of $300 and the costs of court. The proceedings terminating in his conviction and sentence are before this court for review on a writ of

error. The section of the statute for the violation of which the defendant was convicted is as follows:

"No officer or employee of the Territory or of any municipal or political subdivision thereof shall in any way, directly or indirectly, individually or in combination with others, make or authorize, or participate in making or authorizing, any contract or agreement, oral or written, express or implied, for the purchase or sale of any property or the performance of any work by, to or for the Territory or any such subdivision, in which contract, agreement, purchase, sale, property, performance, or work, or in any payment or consideration therefor or proceeds thereof he is or shall be in any way, directly or indirectly, as a subcontractor or otherwise, pecuniarily interested. Nor shall any such officer or employee voluntarily become interested in any way, directly or indirectly, as a subcontractor or otherwise, in any such contract or agreement or in any payment or consideration therefor or thereunder or performance or proceeds thereof, after he or any board or other body, of which he was at the time of making the contract or agreement or during the period of negotiations therefor a member, has made or authorized, or participated in making or authorizing, such contract or agreement. Provided, that in case such contract or agreement is made with a corporation, the ownership of not more than five per cent. of the capital stock of such corporation shall not be a disqualifying or prohibiting interest within the meaning of this section unless the owner of such stock shall have made or authorized, or participated in making or authorizing, such contract or agreement on behalf of such corporation as an officer, agent or employee thereof." (Sec. 168 R. L. 1915.)

The specifications of error will not be discussed in their numerical order, nor separately, but will be grouped according to the nature of the questions raised thereby.

The first specification of error relates to the same matter decided by this court upon reserved questions and reported in *Territory* v. *Cabrinha*, 24 Haw. 621. The ques-

tion raised by this specification was fully, and we think correctly, decided in our former opinion and will not be further discussed here.

The second, fourth, fifth and sixth specifications of error all involve the question of whether the prohibition of the statute is aimed solely at the official acts of an officer or includes contracts or sales which such officer may make with or to the county as a business man without taking part in such transaction in his official capacity.

We think that the statute prohibits the officer of a county from making a sale of goods or property in which he is pecuniarily interested to the county even though he take no official action in behalf of the county in consummating such sale or purchase.

The indictment in this case charges that the defendant for and on behalf of Cabrinha & Company, a copartnership in which he is alleged to be a partner and pecuniarily interested, entered into an agreement with the board of supervisors of the County of Hawaii for the sale and delivery by said Cabrinha & Company to the County of Hawaii of goods, wares and merchandise, etc. There is no allegation that the defendant as a supervisor either directly or indirectly took part in the making of said agreement with himself as the representative of Cabrinha & Company or the sales afterwards made under said agreement by said Cabrinha & Company to said county. The allegation is that he "for and on behalf of Cabrinha & Company" did certain things.

The second specification of error complains of the action of the court in overruling a general demurrer to the indictment and in his argument the defendant's sole contention is that the indictment should charge him with having participated officially in the making of the agreement or purchase. We overrule this contention and hold that as against a general demurrer the indictment is good.

The fourth specification complains of the action of the court in refusing to allow the defendant to state whether he took any active part in the transactions charged in the indictment. The defendant while testifying in his own behalf was asked: "I show you prosecution's Exhibit 'D' and I will ask you if you took any active part in the purchase or sale or sales contained in this instrument?" This was objected to on the ground "that any such evidence is not admissible," and the objection sustained. Exhibit "D," referred to in the question, was a demand on Cabrinha & Company for the price of goods sold to the County of Hawaii in the month of July, 1917, for the sum of $91.20, and covered by the first count in the indictment.

One of the outstanding allegations in the indictment is that the defendant, A. M. Cabrinha, acting for and on behalf of Cabrinha & Company, entered into a certain agreement with the board of supervisors of which he was at the time a member. No other overt act in connection with the agreement or the sales afterwards made to the county under the agreement is alleged to have been committed by the defendant either directly or indirectly or on behalf of the seller or the purchaser. If the allegation is not surplusage it must be proven and, of course if it must be alleged and proven the defendant must be permitted to refute it if he so desires. This he attempted to do by his own testimony, but was not permitted. We do not think that the allegation was surplusage. The statute clearly designates the offense as being the making or authorizing of any contract, agreement, etc. The defendant must, therefore, participate either in behalf of the purchaser or in behalf of the seller in making or authorizing the contract in order to be amenable under the statute.

In its charge to the jury the court was dominated by the same idea that caused it to exclude the evidence we have just discussed. At the request of the prosecution the

following two charges complained of in specifications of error five and six were read to the jury:

"No. 2.    I instruct you, that if you believe from the evidence beyond a reasonable doubt, that the defendant A. M. Cabrinha was a duly elected, qualified and acting supervisor of the County of Hawaii, as alleged in said indictment; and if you further believe that the said A. M. Cabrinha, during the years 1917 and 1918 was a member of the copartnership doing business under the name of Cabrinha & Company, and financially interested in the affairs of said copartnership as alleged in the said indictment, and if you further believe that the said Cabrinha & Company sold and delivered merchandise to the County of Hawaii as alleged in any or all of the counts of this indictment, then I instruct you that it is your duty to find the defendant guilty on each count upon which proof has been offered to your satisfaction beyond a reasonable doubt; and if you further believe that proof has been offered to satisfy your minds beyond a reasonable doubt of all the counts in the indictment it will be your duty to find the defendant guilty as charged."

"No. 4.    I instruct you as a matter of law, that it makes no difference whether A. M. Cabrinha, as a supervisor, actually ordered the goods referred to in the various counts, so long as they were ordered by and delivered to an officer of the county."

Instruction No. 2, above set out, authorized the jury to convict the defendant without his having taken part either officially or otherwise in the transactions complained of in the indictment or in fact without his even having knowledge of such transactions so long as the sales were made by the company in which he was pecuniarily interested and at a time when he was an official of the county.   This authorized a conviction of the defendant without proving that he in behalf of Cabrinha & Company made the agreement with the board of supervisors as alleged in the indictment.   When a crime may be committed in two or more ways and the indictment alleges that it was committed in

one of the ways and does not charge that it was also committed in the other way or ways the proof must show the commission in the manner charged in the indictment. The evidence to the effect that the defendant acted in behalf of Cabrinha & Company in making the agreement with the board of supervisors is very slight if indeed it can be said that there is any evidence to that effect. The instruction which told the jury that they should convict the defendant if they found certain things to be true omitted this important element of the crime as charged in the indictment and was error highly prejudicial to the rights of the defendant.

Instruction No. 4 is also objectionable because it does not require the jury to find that the defendant had anything to do with the acts constituting the crime to justify a conviction. It is correct in stating that it makes no difference whether the defendant as a supervisor ordered the goods but when it concludes that the defendant should be convicted if they were ordered by and delivered to an officer of the county (presumably from Cabrinha & Compay) again the important allegation that the defendant on behalf of Cabrinha & Company made the agreement with the board of supervisors for the sale of goods to the county is treated as surplusage and not necessary to be proven.

The one remaining question involves the court's action in placing the defendant upon trial before a second jury after having declared a mistrial and discharging the first jury which had deliberated only about one hour and twenty minutes. It was for the judge who knew the particular circumstances of the case to exercise the discretion vested in him in accordance with the principles of common law, which are recognized by our statute in declaring that "the successive disagreement of two juries empaneled to try the case shall operate as an acquittal of the accused." Sec.

Concurring Opinion of Coke, C. J.

3782 R. L. 1915. Under the statute if the judge in the exercise of his discretion discharges two successive juries for having failed to reach a verdict the defendant would stand acquitted. For the defendant to get the benefit of this statute the court must be vested with the discretionary power of discharging a jury which has failed to agree upon a verdict after having in his judgment deliberated a sufficient length of time. The jury in this case voluntarily returned into court and informed the judge that they had not agreed and the foreman expressed the opinion that it would not be possible for them to reach an agreement, whereupon without further inquiry the jury was discharged. Such action of the trial court will not be reviewed by this court except on a clear showing of abuse of the discretion with which the judge is vested. *The King* v. *Davis,* 4 Haw. 213; 38 Cyc. 1855, 1856. We are unable to say that the discretion was in anywise abused in this case and therefore hold that the court correctly overruled the plea of former jeopardy.

For the errors pointed out in this opinion the judgment of conviction is reversed and the cause remanded to the trial court for further action not inconsistent with this opinion.

*J. Lightfoot,* First Deputy Attorney General, for the Territory.

*W. H. Smith* and *J. W. Russell* for plaintiff in error.

CONCURRING OPINION OF COKE, C. J.

I agree with my associates that the judgment of conviction herein should be reversed, but I am compelled to dissent from their approval of the majority opinion in *Territory of Hawaii* v. *Cabrinha, ante* p. 621, sustaining the validity of the indictment under which the defendant was tried. The views entertained by me, and to which I adhere, are fully expressed in my dissenting opinion in that case.