THE STATE, DEFENDANT IN ERROR, v. JOHN LETTER
AND ANTHONY DICANIO, PLAINTIFFS IN ERROR.

Decided April 16, 1926.

Crimes—Robbery—Challenge of Jurors for Cause Cannot be
Properly Made to the Panel in the Box; Such a Challenge
Must be Made When Juror Presents Himself to be Sworn—
Hearsay of One Defendant Against Another Improperly Ad-
mitted—Definition of Robbery and Destruction Between Lar-
ceny and Robbery Considered—Charge That Drunkenness in
Any Degree Cannot Mitigate Commission of Crime is In-
accurate, and in This Case Led to Injury to One Defendant,
Since, if He was too Drunk to do the Act Charged, Proof
of Such Condition was an Effective Defense.

On error to the Atlantic County Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH
and CAMPBELL.

For the plaintiffs in error, *John C. Reed.*

For the defendant in error, *Louis A. Repetto.*

PER CURIAM.

The defendants below were convicted of robbery in Atlantic
County Quarter Sessions. The case is here before us on
writ of error under the one hundred and thirty-sixth and
one hundred and thirty-seventh sections of the Criminal
Procedure act. The first cause for reversal relied on in the
brief filed on behalf of the plaintiffs in error is: Refusal of
the trial court to allow defendant to examine jurors upon
their *voir dire* before being sworn as jurors. There is no
substance in this. According to the record the jurors were
in the box and counsel for defendant stated to the court, "I
would like to challenge for cause if I may. Have any of
you ladies or gentlemen read anything about this case, or

about these young men, and, if so, are your minds open and not susceptible of being prejudiced of what you have read?" The prosecutor objected and the court sustained the objection. This was right. In the first place, there was no challenge for cause, and, moreover, such a challenge cannot be properly made to the panel in the box. A challenge for cause must be made when the juror presents himself to be sworn and before he is sworn, and such challenge must state the grounds upon which it is based. The second ground for reversal of the judgment is that the trial judge, over objection of defendants' counsel, permitted the witness Ferreti, captain of the detective department, to testify to a conversation had by him with DiCanio at the time of his arrest, and in the absence of Letter, in which conversation DiCanio said, that Letter was his partner in the hold up and was engaged with him in the robbery. This testimony was hearsay, prejudicial and harmful to Letter, and, as was said by Chief Justice Gummere, in *State* v. *Niesbblaski, 82 N. J. L.* 177, where the circumstances of the case are somewhat analagous to the facts under consideration, to constitute reversible error. In the present case, the defendant affected by this error was Letter. The third point relied on for reversal is, that the trial judge erred in his instructions to the jury as to what constituted robbery. The court charged the jury "that robbery is stealing property with violence from the person or personal custody of another person. It is necessary, in order to constitute the crime, that the goods shall be on the person of the owner or owner's agent, or shall be in his presence and in his custody. The distinction between larceny and robbery is this: In larceny the property is taken privately and without knowledge of the owner; in robbery the property is taken forcibly with the knowledge of the owner, but against his will." Both definitions are incorrect. Our statute declares that any person who shall forcibly take from the person of another money or personal goods or chattels by violence or putting in fear constitutes robbery. In the present case the definition as to what constituted robbery as applied to the facts in the cause was

correct, for it appears that the money was forcibly taken from the person of the owner, and there was no phase of the case which involved mere larceny from the person, and, hence, the erroneous definition of what constitutes larceny, was harmless. The next point made and argued in the brief is that the court erroneously instructed the jury as follows: "The court instructs the jury that drunkenness in any degree cannot justify or mitigate the commission of crime."

That drunkenness in any degree cannot justify the commission of crime as a general legal proposition is correct. Drunkenness cannot be pleaded successfully in justification of the commission of any unlawful act. The plea of justification implies a lawful reason for the commission of the alleged unlawful act. It has been universally held that drunkenness affords no legal justification. But to say that drunkenness in any degree cannot * * * mitigate the commission of a crime is inaccurate.

It has been held by our Court of Errors and Appeals in *Warner* v. *State,* 56 *N. J. L.* 686, 690, and in *Wilson* v. *State,* 60 *Id.* 171, that when the character and extent of a crime is made by law to depend upon the state and condition of the defendant's mind at the time and with reference to the act done, intoxication as a circumstance affecting such state and condition of the mind is a proper subject for inquiry and consideration by the jury as to the degree of crime committed.

It is to be particularly noted that in the present case of proof of intoxication of Letter was not offered either as a justification or in mitigation of the crime alleged against him, but as an important circumstance for the jury to consider whether he was in such a physical and mental state as to make it improbable that he had any connection with, or in anywise to have participated in, the robbery alleged to have been committed in the taxicab by DiCanio, in view of testimony to the effect that the defendant was practically carried to the cab and was "lying in the cab unconscious" "in a drunken stupor," at the time of the commission of the alleged robbery.

The trial judge in stating to the jury that drunkenness in any degree cannot justify or mitigate the commission of crime, and without saying anything further on the subject, unwarrantly assumed that the defense of intoxication interposed by Letter was in justification of the charge against him, and, if not, at least, in mitigation of the offense. The incalculable harm done by this instruction to the jury was to take practically from its consideration in the question whether Letter's intoxication was to such a degree that he was mentally and physically disabled from abetting or participating in the alleged robbery. This was error.

For if the drunkenness of Letter was to such a degree that he was not able to conceive any intent to commit the unlawful act and was physically helpless to abet or to participate in the commission of the unlawful act, proof of such a mental and physical state was as effective a defense to the accusation made against him as if he had been mentally and physically disabled by paralysis or some other disease from conceiving the criminal design and from executing it.

For the reasons given the judgment against DiCanio is affirmed and the judgment against Letter is reversed, and as to him a new trial is ordered.