### KINLEY v. STATE OF INDIANA.

[No. 25,091. Filed January 5, 1927.]

1. CRIMINAL LAW.—*Price for which liquor was sold not essential to affidavit.*—Failure to allege the price for which intoxicating liquor was sold would not make an affidavit charging a sale insufficient on a motion to quash (§2225 Burns 1926, §2063 Burns 1914). p. 691.

2. INTOXICATING LIQUORS.—*Unnecessary to prove that whisky is intoxicating.*—In a prosecution for selling intoxicating liquor, it was not necessary to prove the alcoholic content of the liquor sold where the evidence showed that it was whisky, as courts take judicial knowledge that whisky is intoxicating. p. 692.

3. INTOXICATING LIQUORS.—Evidence *held* sufficient to sustain conviction for selling intoxicating liquor. p. 692.

From Jay Circuit Court; *Roscoe D. Wheat*, Judge.

Jess Kinley was convicted of selling intoxicating liquor, and he appeals. *Affirmed.*

*Malcolm V. Skinner* and *Urban T. Bonifas*, for appellant.

*Arthur L. Gilliom*, Attorney-General and *George J. Muller*, for the State.

TRAVIS, J.—This is an appeal from a judgment on a verdict of guilty of selling intoxicating liquor. §2717 Burns 1926, Acts 1925 p. 144.

According to appellant's narration of the evidence in his brief, two persons went to appellant's home in an automobile and there asked appellant for a pint of whisky. Appellant said that he had some and then went out of the house and returned with a pint bottle of it and gave it to one of the two persons who went to the house to get it, and received from the purchaser $2 for the same. The two persons then left the home of appellant in an automobile, going toward Portland, Indiana. After drinking the whisky, the purchaser and his companion decided that they wanted more and went back to appellant and purchased another pint of whisky; all of which happened in Jay county, State of Indiana, June 27, 1925.

The crime was charged by an affidavit in one count to which appellant filed his motion to quash, which was by the court overruled. The issue made by defendant's plea of not guilty was submitted to the jury for trial. The jury returned a verdict of guilty as charged in the affidavit. The judgment upon the verdict imposed a sentence of $100 fine and imprisonment for thirty days.

The errors assigned are upon the action of the court in overruling appellant's motion to quash the affidavit which charged the offense, and upon the court's action in overruling his motion for a new trial. The cause for a new trial presented upon appeal is that the verdict of the jury is not sustained by sufficient evidence.

Appellant makes the proposition upon his assignment of error in overruling his motion to quash the affidavit,

1. that no price was named in the affidavit for which the liquor was alleged to have been purchased. This proposition has heretofore been decided against appellant. *Volker* v. *State, ex rel.*

(1912), 177 Ind. 159, 97 N. E. 422; *Clark* v. *State* (1924), 195 Ind. 473, 145 N. E. 566.

Under the second assignment of error in relation to his motion for a new trial, appellant makes the proposition that there was a failure of proof that the liquor in question contained one-half of one per cent. of alcohol by volume, which is one of the elements of the crime necessary to be proved. The two witnesses who went to the home of appellant to purchase the intoxicating liquor said that they purchased two pints of whisky for the price of $2 per pint. Inasmuch as the intoxicating liquor was by the proof shown to be whisky, it is unnecessary to make formal proof of its alcoholic content. The court takes judicial knowledge that whisky is intoxicating. *Hiatt* v. *State* (1920), 189 Ind. 524, 527, 127 N. E. 277.

Under this proposition, appellant also makes the point that there was no proof by evidence that the alleged sales were made by the appellant in Jay county, State of Indiana, and claims that the answer made by the witness that this happened in Jay county, Indiana, referred only to the place where the two persons who purchased the liquor became intoxicated from drinking the same. The whole record of the witness' evidence upon this matter does not sustain this contention by appellant. The witness said that he paid appellant $2 for the one pint of whisky and after drinking some of it knew that it was intoxicating, and that he became intoxicated, and that this happened in Jay county, Indiana. It is the opinion of the court that the evidence is sufficient to sustain the verdict of guilty. The court did not commit error by overruling appellant's motion to quash the affidavit which charged the offense, or by overruling appellant's motion for a new trial.

Judgment affirmed.