ZIMMERMAN *v.* STATE OF INDIANA.

[No. 25,361. Filed May 16, 1928.]

*William J. Reed,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Harry L. Gause,* Deputy Attorney-General, for the State.

MARTIN, J.—Appellant was indicted, tried by jury, found guilty and sentenced for the unlawful possession of intoxicating liquor under Acts 1925, ch. 48, §4, §2717 Burns 1926.

It appeared in evidence that the sheriff searched the appellant's premises and found whisky and home-brew beer. An internal revenue chemist for the United States Government testified that he analyzed two samples of the "home brew" (Exhibit 4) and that one sample contained four and forty-one hundredths per cent. and the other four and forty-seven hundredths per cent. alcohol by volume. The chemist also identified Exhibit 3 as being whisky.

The error relied upon by the appellant is the overruling of his motion for a new trial. The only reason assigned in this motion which is discussed and relied on here is that the court erred in giving an instruction to the jury as follows:

"The Statute defines what constitutes intoxicating liquor as follows: 'The words "liquor" and "intoxicating liquor," wherever used in this act, shall be construed to mean all malt, vinous or spirituous liquor containing as much as one-half of one percent of alcohol by volume, and every other drink, mixture or preparation of like alcoholic content, whether patented or not, reasonably likely or intended to be used as a beverage; and all other intoxicating beverages, drinks or preparations, whether alcoholic or not, intended for beverages purposes.' Our Supreme Court has held, and it is the law, that white mule, alcohol, whiskey and home brew are intoxicating liquors as defined by the statute."

The section of the statute quoted in the instruction is Acts 1925, ch. 48, §2, §2715 Burns 1926. Appellant's objection is based on the sentence following the quotation of the statute. He contends that the question as to whether or not home brew is intoxicating is properly

a question of fact for the jury; that the Supreme Court has never held that home brew is intoxicating; that the instruction, in effect, told the jury it was not necessary to introduce evidence as to the alcoholic content of home brew; that the court in giving this instruction invaded the province of the jury and that the instruction was erroneous and harmful.

Appellee points out that it is a well-known fact that the words "home brew," through present day usage, mean beer; that since the passage of the prohibition laws, the beer of today is commonly known as home brew, and maintains that when such words are used in court by a witness, the court will take judicial notice that they mean intoxicating liquor, and that the jury from the language of the entire instruction would know that only home brew which contained as much as one-half of one per cent. of alcohol by volume would be intoxicating. Appellee also contends that in no event could the jury have been misled by this instruction to the injury of the appellant.

We agree that by common usage the words "home brew" have now come to mean home-brewed beer that is intoxicating, just as the words "white mule" have come to mean raw, uncolored whisky, and, while it is common knowledge that beer in brewing will almost certainly develop an illegal alcoholic content, *Levin* v. *Blair* (1927), 17 Fed. (2d) 151, and while it has many times been held that the courts judicially know that beer is intoxicating, *Douglass* v. *State* (1898), 21 Ind. App. 302, 52 N. E. 238, see note 48 L. R. A. (N. S.) 308, yet we do not approve the use of the words "home brew" in an instruction to a jury unqualified by more definite, correct or recognized language to bring the liquid referred to clearly and unequivocally within the statute, either as (1) a "malt, vinous or spirituous liquor containing as much as one-half of one per cent. of alcohol

by volume," (2) or "a drink, mixture or preparation of like alcoholic content . . . reasonably likely or intended to be used as a beverage," or (3) as an "intoxicating beverage, drink or preparation whether alcoholic or not intended for beverage purposes."

In view of the fact, however, that the uncontradicted evidence showed that the alcoholic content of this home-brew beer was over four and four tenths per cent. by volume, the instruction, even if erroneous, could not be harmful to the appellant or prejudice any of his substantial rights. §2394 Burns 1926.

The state's evidence concerning the other liquor taken by the officers was that it was whisky. We judicially know that whisky is intoxicating. liquor within the statute under which this indictment was returned. *Kinley* v. *State* (1927), 198 Ind. 690, 154 N. E. 667; *Hiatt* v. *State* (1920), 189 Ind. 524, 127 N. E. 277.

Judgment affirmed.