STATE OF HAWAII *v.* ADAM MOLINA HALE.

No. 4181.

October 6, 1961.

Tsukiyama, C. J., Cassidy, Wirtz, Lewis, JJ.,
and Circuit Judge Fairbanks
Assigned by Reason of Vacancy.

OPINION OF THE COURT BY WIRTZ AND LEWIS, JJ.

This case is before the court on Writ of Error to the Circuit Court of the Second Circuit.

The defendant was charged with Burglary in the First Degree under an indictment which alleged, in its pertinent portions, that defendant on "the first day of June, 1959, and in the nighttime of said day, did enter the store of another, to wit, Silversword Liquor and Variety Shop,

owned and operated by Dee Westbrook and Martha A. Westbrook, * * * with intent to commit larceny therein, * * * and did then and there and thereby commit the crime of burglary in the first degree."

To this indictment, the defendant entered a plea of not guilty. After a verdict of guilty, the trial court entered its judgment finding the defendant guilty as charged and imposed its sentence of imprisonment from which the defendant brings this Writ of Error.

The evidence showed that at about 7:00 A.M., on the morning of June 1, 1959, as Dee Westbrook drove past his liquor store in his automobile, he noticed broken glass on the ground in front of the store. Upon investigation, he discovered that two sections of the glass window display at the front of the store had been shattered and that a piece of board was lying on the ground nearby. He had checked the store the night before at about 10:30 P.M. and everything had then been in order.

Although Westbrook could not remember the particular pattern in which the liquor bottles had been arranged for display on the shelves behind the shattered glass sections of the window, he was fairly certain that the shelves had been completely filled with very little space between bottles. Surveying the damage, he noticed several spaces between the bottles on the display shelves and sensed that several were missing. He could not say for sure how many but he "could tell a number of bottles had been taken out. [He] just guessed anywhere from four to six, along there; [he] couldn't tell for sure." Various bottles were later recovered which were similar to those stocked and sold in the store, although Westbrook could not identify them as being those from the store.

On June 2, 1959, a partially filled bottle of Hiram Walker's Imperial whiskey was found by the superintendent of Olinda Prison Camp at Dormitory One. Three

fragments of glass resembling pieces of a liquor bottle were also discovered in a trash can near the dormitory. On June 4, 1959, an empty bottle of Teachers Highland Scotch whiskey was uncovered by a guard in a toilet tank in the dormitory. The named brands were among those carried in stock in the store. The bottles and fragments were admitted in evidence over objection.

A prison camp inmate, Donald H. Igawa, was permitted to testify, over objection, that at about 8:00 P.M., on May 31, 1959, defendant and an accomplice asked him to go with them to get liquor, but he refused. He further testified that at about 3:00 o'clock on the morning of June 1, 1959, he was awakened by defendant and that he drank whiskey with him from a bottle of Old Forester in the bathroom of the dormitory. Old Forester also was one of the brands carried in stock in Westbrook's store.

The admissions and confessions of defendant showed that he and an accomplice had sneaked out of the dormitory in Olinda Prison Camp at about 10:00 P.M., on May 31, 1959. They stole a car, and drove around until about 2:35 A.M., on June 1, 1959, when they broke the glass sections in front of the liquor store and took five bottles of liquor. Two of these bottles then were taken by defendant and three by his accomplices. Thereafter, they returned to the prison camp and drank from a bottle of whiskey in the company of Donald H. Igawa.

In these pre-trial statements, defendant identified the piece of board found on the ground in front of the liquor store as the one used to break the glass sections, and the liquor bottles, together with the broken liquor bottle pieces, later placed in evidence, as comprising the bottles and remnants he and his accomplice had taken from the store.

Another witness established that a car had been taken from the home of a resident in Olinda sometime in the

early part of the morning of June 1, 1959; that the car was later found about a half mile from the prison camp; and that a smoked Pall Mall cigarette, matches, and portions of a green tax stamp used on liquor bottles were found in the car. Defendant had admitted smoking Pall Mall cigarettes on the night of the offense and that a bottle of liquor had been opened in the car.

Defendant did not testify and did not offer any evidence in his behalf. The court was asked to take judicial notice of the fact that on June 1, 1959, the sun rose at 5:49 A.M.

Defendant first contends that there was insufficient proof of the corpus delicti by evidence *aliunde* the purported confessions and admissions of the defendant, that the latter should not have been admitted in evidence, and that a verdict should have been directed for defendant. Specifically, it is contended:

"a. There is lack of proof that entry was made by someone with a felonious intent to commit larceny.

"b. There is no proof of the essential element of nighttime."

The question as to the applicable rule in connection with the quantum of the independent proof of the corpus delicti in this jurisdiction has now been resolved by this court. *State* v. *Yoshida*, 44 Haw. 352, 354 P. 2d 986. The rigid rule which requires independent proof of all elements of the corpus delicti before resort may be had to a confession has been rejected and *Yoshida, supra,* has aligned this jurisdiction with those which support the rule that makes no such requirement, but permits a confession to be relied on to meet and remedy a deficiency otherwise existing in the proof of the corpus delicti if the trustworthiness of the confession appears to be assured by circumstances shown by substantial independent evidence. *Yoshida, supra,* stands for the proposition that a

"voluntary confession may be received in evidence even though the corpus delicti is not fully established by independent evidence when the confession and the independent evidence taken together establish the corpus delicti and the truth of the admission or admissions in the confession relied on to augment and complete the proof of the corpus delicti is fortified by substantial independent evidence."

There has been no modification of the rule that a defendant cannot be convicted on his purported extra-judicial confession alone. *Republic of Hawaii* v. *Tokuji,* 9 Haw. 548; *Opper* v. *United States,* 348 U.S. 84; *Annot.,* 99 L.Ed. 110, 127 A.L.R. 1131, 45 A.L.R. 2d 1320. But rather a more flexible rule as to the required quantum of the corroborative proof of the corpus delicti has been adopted.

It also is the rule that we are not concerned with the state of the record at the time of admission of the evidence objected to, since the *order of proof is discretionary* on the part of the trial court. *Territory* v. *Chung Nung,* 21 Haw. 214; 7 Wigmore, *Evidence,* 3d ed., p. 405. Rather, we consider the record as a whole at the close of the prosecution's case to see if the quantum of the proof of the corpus delicti was sufficient to justify the trial court's ruling admitting the same into evidence.

The corpus delicti of any particular crime has been generally defined to mean the occurrence of the specified kind of injury or loss resulting from somebody's criminality. 7 Wigmore, *Evidence,* 3d ed., § 2072, pp. 401, 402. It simply means "the actual commission of a crime by someone." *Territory* v. *Kinoshita,* 38 Haw. 335, 344; *cf. Territory* v. *Sumngat,* 38 Haw. 609. It has further been defined as being "made up of two elements: (1) That a certain result has been produced, for example, a man has died or a building has been burned; and (2) that some

person is criminally responsible for the act." 14 Am. Jur., *Criminal Law*, § 6, p. 758; 20 Am. Jur., *Evidence*, § 151, p. 156; 7 Wigmore, *op.cit. supra*, 1959 Pocket Supp., § 2072, p. 110, note 3.

In the specific case of burglary, the general rule is that "the corpus delicti means no more than that there was a burglarious breaking or entering of the house or building charged in the indictment." 9 Am. Jur., *Burglary*, § 71, p. 276. "Burglarious" connotes an intent to steal or commit some crime. *State* v. *Gentry*, 329 Mo. 282, 44 S.W. 2d 27.

Burglary in the First Degree is defined by two sections of the Revised Laws of Hawaii 1955, as follows:

"§ 266-1. *Defined*. Whoever, by night or day, enters the dwellinghouse, room, building, store, mill, warehouse, outhouse, or vessel of another, with intent to commit larceny in either the first or second degree, or any felony, therein, is guilty of burglary."

"§ 266-3. *Degrees*. Burglary is of two degrees, first and second. Burglary committed in the nighttime, or committed by one armed with a deadly weapon, or committed when any person having a right to be there is within the place burglarized, is burglary in the first degree; all other burglary is in the second degree."

Thus, it is seen that the offense is burglary. R.L.H. 1955, § 266-1. The degree merely reflects the gravity of the offense, as determined by the manner in which the burglary was committed. R.L.H. 1955, § 266-3.

Unquestionably, all the elements of the offense charged, here burglary in the first degree, must be proved beyond a reasonable doubt to sustain a conviction. *Territory* v. *Makaena*, 39 Haw. 270. Defendant contends and cites the *Makaena* case as holding, that "the corpus delicti for the crime of burglary in the first degree includes an entry in the nighttime with intent to commit larceny in the

first degree." However, that case stands for the proposition that while the corpus delicti may be proven by circumstantial evidence it may not be proved by hearsay evidence. No proof at all was offered of the corpus delicti except the hearsay statements set forth in the police report. There was no question before the court as to the quantum of proof of the corpus delicti. The court did properly require that all the elements of the crime of burglary in the first degree must, of course, be proved beyond a reasonable doubt before a conviction can be sustained. But the elements of the crime of burglary in the first degree are not synonymous with the "corpus delicti" of the offense.

Thus, we do not agree with defendant's contention that the *Makaena* case stands for the proposition that the corpus delicti is equivalent to the essential elements of burglary in the first degree. Those details which merely increase the degree of the crime are not included in the corpus delicti. That the theft was in the nighttime is not, therefore, part of the corpus delicti of burglary in the first degree. *Cf. State* v. *McGuire,* 327 Mo. 1176, 39 S.W. 2d 523. The time of day does not change the crime from burglary to something else. Nighttime only aggravates the offense and is only material to the higher degree.

Moreover, the independent evidence amply corroborated defendant's own statement that the offense took place at night. As stated in *Smith* v. *United States,* 348 U.S. 147, 156, and quoted in *Yoshida,* "one available mode of corroboration is for the independent evidence to bolster the confession itself and thereby prove the offense 'through' the statements of the accused." The independent evidence in this case bolstered defendant's confession that it was he who committed the offense, even though that particular element of the charge did not require corroboration, and at the same time corroborated that the offense took place

at night. *Cf. State* v. *McGuire, supra; People* v. *Cota,* 47 Cal. App. 224, 190 Pac. 473; *People* v. *Ross,* 61 Cal. App. 61, 214 Pac. 267.

It is, however, an essential element of the crime of burglary under our statute that the entry should be accompanied with an intent to steal, or to commit some felony. R.L.H. 1955, § 266-1. The intent is the gist of the offense. Without it there can be no violation of the statute. Thus, proof of the intention to steal or commit a felony is included in the corpus delicti of burglary, for it is clearly requisite to the proof of either the basic injury or of criminality.[1]

In the case before us Westbrook's testimony together with the circumstances established by other independent evidence, relate to and by inference prove the element of larcenous intent, and would have been sufficient for that purpose even without defendant's pre-trial statements.

"The intent, however, may, and generally must, be proved by circumstantial evidence, for as a rule it is not susceptible of direct proof; and it has been held that the evidence of intent sufficient to support a conviction of burglary may be slight, in the absence of any evidence that the entry was made with any other intent. The existence, at the time of the breaking and entering, of an intent to commit larceny, * * * or other felony may be inferred as a fact from proof that the felony was actually com-

---

[1] Proof of the commission of a crime consists of three elements, each of which must be proved beyond a reasonable doubt: (1) the basic injury, such as the death in murder, the burning in arson, or the missing property in theft, (2) the fact that the basic injury was the result of a criminal, rather than a natural or accidental cause, and (3) the identification of the defendant as the perpetrator of the crime. The first two of these elements constitute the corpus delicti or body of the crime, which is proved when the prosecution has shown that a crime has been committed by someone. 7 Wigmore, *Evidence,* 3d ed., § 2072; see also 2 Wharton, *Criminal Evidence,* 11th ed., 1935, § 640.

mitted or attempted after the entry; and proof of the actual commission of a felony is the best evidence of the felonious intent. * * *" 12 C.J.S., *Burglary*, § 55, pp. 731, 732. *Cf. State* v. *Sorenson*, 44 Haw. 601, 359 P. 2d 289; *Territory* v. *Palai*, 23 Haw. 133; *Territory* v. *Wright*, 16 Haw. 123.

This disposes of specifications of error numbered one to seven, inclusive. The remaining specifications of error concern the charge to the jury.

At the outset, we would be remiss in our duty if we failed to note the condition of the record in this case. We do so only to prevent future laxity in the preservation of records of trial proceedings. While the trial court did stamp the requests for instructions handed in by the respective parties indicating those given and those refused as well as those modified, still he failed to endorse them by signing such markings, with one exception, and in no wise did he indicate just what modifications were made, as required by § 231-20, Revised Laws of Hawaii 1955. Compliance with the statute would have saved this court considerable labor and inconvenience. The only way in which this court was enabled to ascertain in what particular a requested instruction was modified was by comparing it with the charge given by the court. For the future it should also be pointed out that Rule 30 of the Hawaii Rules of Criminal Procedure makes substantially the same requirement of the trial judge in the settlement of instructions.

Further in this connection, no record was kept, by the clerk or court reporter, of any objections having been made by either party to the requested instructions, either in their original form or as modified. It has long been the practice in our trial courts to have the objections made by counsel to the requested instructions, either as presented or as amended, and the court's ruling thereon, preserved

in the record by the court reporter as well as by the clerk of the court. It is true that exceptions were taken in this case to the giving of, as well as the refusal to give, certain instructions, including the refusal to give Defendant's Requested Instruction No. 6, and the giving of the Court's Instruction No. 13 (which incidentally, bears the endorsement that it was given on the court's own motion), but the objections to this action of the trial court are nowhere recorded, either in the clerk's minutes or in the transcript of the record. While the objections to the requested instructions and argument in support thereof should not be made in the presence of the jury, still a record of the proceedings had in the settlement of instructions with the objections taken, together with the grounds therefor, particularly and distinctly stated, should be preserved. Hawaii Rules of Criminal Procedure, Rule 30. It is the obligation of counsel to make proper objections and the responsibility of the trial court to see that they are properly recorded.

While the burden is on the party objecting to instructions to state distinctly the matter to which he objects and the grounds for his objections in order to preserve questions concerning instructions for review upon appeal, we are satisfied here that defendant should not be penalized for the failure of the trial court to provide the necessary means to record such objections and the grounds therefor. We are convinced that the objections now made to the refusal to give Defendant's Requested Instruction No. 6 and to the giving of the Court's Instruction No. 13 were the same as those advanced in the trial court, and that these objections were properly brought to the attention of the trial court. An examination of the transcript of the proceedings reflects the contention throughout of defendant that the proof of the corpus delicti was insufficient to warrant the admission into evidence, or consid-

eration by the jury, of his confession and admissions.

We now take up the specifications of error relating to the trial court's refusal to give Defendant's Requested Instruction No. 6 and the giving of the Court's Instruction No. 13.

Defendant's Requested Instruction No. 6 reads as follows:

"DEFENDANT'S INSTRUCTION NO. 6. Ladies and Gentlemen of the Jury, the defendant stands charged for the crime of Burglary in the First Degree as alleged in the indictment. You are further instructed that the corpus delicti of the crime as alleged in the indictment must be established independently of evidence which merely tends to connect the defendant with the crime charged, and independently of any asserted extra-judicial admissions or confessions of the party charged, and that such admissions or confessions cannot be considered as evidence of the corpus delicti. The term 'corpus delicti' involves the elements of the crime, and that the defendant's admission cannot be used to establish any necessary element in the commission of the crime. In this connection, the elements of the crime of Burglary in the First Degree are:

    1.  Entry into the store
    2.  In the nighttime
    3.  With intent to commit larceny
    4.  By someone."

Court's Instruction No. 13 reads as follows:

"COURT'S INSTRUCTION NO. 13. The defendant stands charged for the crime of burglary in the first degree as alleged in the indictment. You are instructed that the corpus delicti of the crime of Burglary, that is, the unlawful entering of the store alleged to have been burglarized in the indictment by some person must be

established by evidence independent of the purported confession or admissions of the defendant. Admissions or confessions cannot be considered as evidence of the corpus delicti in the absence of such independent evidence. Once you are satisfied beyond a reasonable doubt of the establishment of the corpus delicti, however, you may use such admissions and confessions as may have been admitted into evidence, for what they are worth, in arriving at your verdict."

Clearly, both instructions are in conflict with the rule laid down in *State* v. *Yoshida, supra,* in that they both require independent evidence *establishing* the corpus delicti as therein defined before consideration by the jury of the admissions or confessions of the defendant is permitted. In fairness to counsel, and the trial court, it should be pointed out that *Yoshida, supra,* was decided after the trial of this case.

Defendant's Requested Instruction No. 6 moreover improperly defines the corpus delicti by enlarging it to include the element that the offense must be committed in the nighttime which, as we have seen above, is not a necessary ingredient of the corpus delicti of the crime of burglary in the first degree.

Additionally, the Court's Instruction No. 13 taken alone without benefit of the rest of the record could be construed as improperly defining the corpus delicti of the crime of burglary by reducing it to unlawful entry or mere trespass and eliminating the essential component of a larcenous intent.

We conclude, therefore, that the court's refusal to give Defendant's Requested Instruction No. 6 was proper and that the Court's Instruction No. 13 should not have been given.

In order to determine whether this was prejudicial error, we must consider the other instructions given, the

province of the jury, and the record as a whole. Complete instructions were given as to the elements of the crime, and in addition Defendant's Instruction No. 7 was given as requested, appearing as Court's Instruction No. 16, as follows:

"You are instructed that a naked confession, which is not corroborated by facts and circumstances appearing in evidence which are independent of the confessions and consistent therewith and which tend to confirm and strengthen the confession, is not sufficient to warrant the conviction of the defendant for the crime charged. Whether or not there is sufficient corroboration is a question of fact for the jury to determine."

In considering the province of the jury it is necessary to distinguish between (1) the jury's function in determining guilt beyond a reasonable doubt, which of course includes the question whether the corpus delicti has been proved beyond a reasonable doubt, and (2) the jury's function, if any, in evaluating the evidence *aliunde.*

As to jury function (1) it is generally held that when there is direct or circumstantial evidence tending to establish the corpus delicti, the question of its sufficiency is for the jury. 53 Am. Jur., *Trial,* § 285, p. 240; 20 Am. Jur., *Evidence,* § 1230, p. 1084; 23 C.J.S., *Criminal Law,* § 1124, p. 620. The rule is thus expressed in 1 Wharton, *Criminal Law,* 12th ed., on page 474:

"It is the province of the court to decide in the first instance whether the evidence adduced of the *corpus delicti* is prima facie sufficient to allow evidence against the accused to go to the jury; and when the evidence of the *corpus delicti* has been thus established and admitted by the court, the jury must determine its sufficiency to establish the fact for which it was admitted, the same as in regard to other facts before them. * * *"

As to jury function (2), evaluation of the evidence *aliunde,* Wigmore has this to say: "Yet for the jury again the same question comes up for determination, after retiring to consider their verdict. They are bound by the rule of Evidence not to convict unless there is in their belief some evidence of the 'corpus delicti' to corroborate the confession. The judge's ruling [on admissibility] was provisional only, as preliminary to allowing the case to go to the jury; and they in their turn must conclude, *without reference to the judge's ruling,* whether the corroboration exists to satisfy them." 7 Wigmore, *Evidence,* 3d ed., p. 405. Wigmore cites Alabama and Georgia cases. But these two are among the states requiring full independent proof of the corpus delicti. 103 U. Pa. L. Rev. 638 at 659, note 113; *Winslow* v. *State,* 76 Ala. 42; *Grimes* v. *State,* 204 Ga. 854, 51 S.E. 2d 797, 800. So, also, in Kentucky, in which several cases involving instructions to the jury have arisen, the problem is dissimilar, for it is provided by statute that an extra-judicial confession "will not warrant a conviction, unless accompanied with other proof that such an offense was committed," and full proof of the corpus delicti by independent evidence is required. *Warmke* v. *Commonwealth,* 297 Ky. 649, 180 S.W. 2d 872.

In this State, as decided in *Yoshida, supra,* full proof of the corpus delicti by evidence *aliunde* is not required. Manifestly, under our rule which permits proof of the corpus delicti by a corroborated confession, only the question of corroboration is for the jury while the question whether the independent evidence is sufficiently substantial to permit proof of the corpus delicti by a corroborated confession is for the court alone. We therefore adopt the rule that it is not the function of the jury to weigh the proof of the corpus delicti separately from the confession. It is the function of the jury to weigh the

evidence as a whole. See *Holland* v. *State,* 39 Fla. 178, 22 So. 298; *State* v. *Caseday,* 58 Ore. 429, 115 Pac. 287.

On the question of corroboration, Court's Instruction No. 16, above quoted, given at the request of defendant, in view of the evidence in this case protected defendant even more than required, as appears from *Tidwell* v. *State,* 40 Tex. Crim. 38, 47 S.W. 466. In that case, the court considered an objection to the charge on the ground that it failed to instruct the jury that they could not convict defendant on his confession unless the confession was corroborated by other evidence tending to establish the corpus delicti. The objection was overruled, the independent evidence being sufficient to establish the corpus delicti. Accord: *Bailey* v. *State,* 42 Tex. Crim. 289, 59 S.W. 900; see also *Lee* v. *Commonwealth,* 155 Ky. 62, 159 S.W. 648. However, in case the trial judge is in doubt as to the sufficiency of the independent proof to establish the corpus delicti the jury should be instructed on the point of corroboration upon request and submission of a proper instruction. *Cf. Gallegos* v. *State,* 49 Tex. Crim. 115, 90 S.W. 492; see also *Collins* v. *Commonwealth,* 15 Ky. L. Rep. 691, 25 S.W. 743; *Clary* v. *Commonwealth,* 163 Ky. 48, 173 S.W. 171; *People* v. *Frey,* 165 Cal. 140, 131 Pac. 127; *People* v. *Wagner,* 29 Cal. App. 363, 155 Pac. 649.

Upon consideration of the rule established in *Yoshida,* we have concluded that when, by reason of incompleteness of the independent evidence, conflicts in the testimony, impeachment of witnesses, or other similar reasons, the confession is or may be a crucial part of the proof of the corpus delicti, it is within the province of the jury to determine whether the independent proof shows the confession to be trustworthy. However, we disagree with *Wheeler* v. *Commonwealth,* 192 Va. 665, 66 S.E. 2d 605, cited by defendant, insofar as it may be deemed to approve any instruction which would leave it to the jury to decide

whether the independent evidence "tends to establish the corpus delicti." The quantum of the independent evidence is for the court alone to review in conjunction with the admissibility of the confession or upon a proper motion. We also are of the view that an instruction on corroboration is not required in every case. Upon this review of the record and the basic law we now take up the question whether the giving of Court's Instruction No. 13 was prejudicial and constituted reversible error.

We have seen above that the admissions and confessions of the defendant were sufficiently corroborated by substantial evidence proving or tending to prove the corpus delicti. Therefore, there was no error in receiving the admissions and confessions. Likewise there was no error in permitting the case to go to the jury. Moreover, as seen, Court's Instruction No. 16 was even more than defendant was entitled to. Furthermore, the jury was warranted in arriving at its verdict, and on the point where error occurred, *i.e.,* the use of the words "unlawful entering of the store" to describe an entry with larcenous intent, the jury could not have been misled as will be seen.

It has been stated that: "An erroneous instruction, clearly prejudicial, cannot be cured by another instruction which correctly states the law, but does not call the attention of the jury to the erroneous instruction." *Territory* v. *Kaeha,* 24 Haw. 467, 471, cited with approval by Peters, J., in dissenting opinion, *Territory* v. *Crowley,* 34 Haw. 774, 842; see also *Territory* v. *Richardson,* 17 Haw. 231. On the other hand, it has been stated that: " "* * * Both in civil and in criminal cases the instructions of the court must be read together as one connected whole, to ascertain whether they correctly declare the law. The omissions or inaccuracies of one instruction may be cured by the contents of the other instructions, or some of them, and if, when the instructions of the court are considered

as a whole, they correctly state the law and are not inconsistent or misleading, the fact that a particular instruction or isolated paragraph may be objectionable, as inaccurate or misleading, will not constitute ground for reversal.' " *Ciacci* v. *Woolley,* 33 Haw. 247, 262; *State* v. *Yoshida,* 45 Haw. 50, 361 P. 2d 1032. It is the latter rule that is applicable here.

The conflict in instructions is not head-on. This is one of the cases in which "a charge contains references to the offense which omit an essential ingredient of it but evidently refer to statements which fully define the offense in unmistakable terms." In such a case, as stated in *Territory* v. *Robello,* 20 Haw. 7, 31, "it may appear * * * that the jury could not have been misled thereby." We have concluded that, though the words "unlawful entering" were ambiguous and incomplete in themselves, their use in the instruction was not "clearly prejudicial" within the meaning of the rule stated in *Territory* v. *Kaeha, supra.*

In reaching this conclusion we have considered the weight of the evidence, as is proper in determining whether or not the error is prejudicial. *Territory* v. *Awana,* 28 Haw. 546; *Wilson* v. *State,* 103 Tex. Crim. 403, 281 S.W. 844; *State* v. *Stringer,* 140 Ore. 452, 13 P. 2d 340; *Zimmerman* v. *State,* 200 Ind. 61, 161 N.E. 297; *State* v. *Letter,* 4 N.J. Misc. 395, 133 Atl. 46, *aff'd sub nom., State* v. *DiCanio,* 104 N.J.L. 188, 138 Atl. 923. The evidence, even when considered apart from the admissions and confessions as the court unnecessarily instructed the jury, was to one effect only, that is, that the entry was burglarious and not merely unlawful in the sense of being a trespass. There is not an iota of evidence from which the jury could have inferred anything else.

We also have considered in what connection the error occurred, that is, the error did not occur in defining the

offense or its elements, all of which was taken care of properly by other parts of the charge. *Cf. Territory* v. *Cabrinha,* 24 Haw. 757; *Territory* v. *Marks,* 25 Haw. 219. Here, there was an incidental error in submitting to the jury a matter that, as we have decided, was not within the province of the jury.

According to Court's Instruction No. 16, the confession required corroboration "by facts and circumstances appearing in evidence which are independent of the confessions and consistent therewith, and which tend to confirm and strengthen the confession" otherwise it was "not sufficient to warrant the conviction of the defendant for the crime charged." According to Court's Instruction No. 13, the jury might use the confession and admissions "for what they are worth" upon finding only that an unlawful entry had been perpetrated. Read as a whole, this was tantamount to an instruction that if the jury found an unlawful entry, which in view of the record could only have been understood as referring to a burglarious entry, then the jury might proceed to Court's Instruction No. 16 and consider the confession under the instructions there given relating to corroboration. This did not prejudice defendant as he was not entitled to any instruction that any particular facts and circumstances must be shown independently.

We find no prejudicial error, and accordingly, the judgment is affirmed.

*Meyer M. Ueoka* for plaintiff in error.

*Harold L. Duponte,* County Attorney, and *Kase Higa,* Deputy County Attorney, for defendant in error.