STATE OF HAWAII, Plaintiff-Appellee *v*. DUPRIE K. DUDOIT, aka Dupree K. Dudoit, Defendant-Appellant

No. 5354

September 17, 1973

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON and KOBAYASHI, JJ.

OPINION OF THE COURT BY RICHARDSON, C.J.

This is an appeal in forma pauperis from a conviction for the offense of arson.

The facts of the case are simple, if not sparse. Defendant Dudoit was seen leaving a rooming house lavatory. At the same time Dudoit was observed leaving, a small fire was discovered in that lavatory. Some testimony was presented as to Dudoit's suspicious actions and reactions regarding the fire. There was also testimony as to the presence of newspapers, cardboard, and pieces of rug inside the washroom in question. There was expert testimony that the fire was not electrical in origin. No evidence was introduced as to the origin of this fire other than the physical presence of newspapers, cardboard, and pieces of rug.

One of the most fundamental principles of the common law is that the occurrence of a crime must be proved before anyone can be convicted of the offense. The establishment of this *corpus delicti,* the body of the offense, is an essential element of the state's case.

> Proof of the commission of a crime consists of three elements, each of which must be proved beyond a reasonable doubt: (1) the basic injury, such as . . ., the burning in arson, . . ., (2) the fact that the basic injury was the result of a criminal, rather than a natural or accidental cause, and (3) the identification of the defendant as the perpetrator of the crime. The first two of these elements constitute the *corpus delicti* or body of the crime, which is proved when the prosecution has shown that a crime has been committed by someone. [Citations omitted.] *State v. Hale,* 45 Haw. 269, n. 277, 367 P.2d 81, n. 86 (1961) (Emphasis added).

The concept of criminality thus requires that the state prove beyond a reasonable doubt a criminal, rather than a natural cause. This has been the law in Hawaii, that "[i]n reality the term *corpus delicti* means the actual commission of a crime by someone." *Territory v. Kinoshita,* 38 Haw. 335, 344 (1949).

In order to convict defendant Dudoit of the crime of arson, an essential element that the State of Hawaii had the burden

of proving beyond a reasonable doubt was that the fire was kindled by other than natural or accidental means. The only proof submitted by the state to meet that burden was evidence of the presence of debris in the washroom. The presence of these newspapers, pieces of rug, and a cardboard box are all that the state relies on to raise the inference of a criminal agency in kindling the fire.

The state's main witness testified that he was employed for the purpose of cleaning such debris out of the washroom. It further appears from the testimony that it was not unusual for the items in question to be present in the washroom. State witness Kahalekomo testified that he sometimes saw newspapers in the washroom. We find the presence of this debris equivocal proof at best.

This court has adhered in the past to the "substantial evidence" test in reviewing criminal appeals. *State v. Rocker,* 52 Haw. 336, 347, 475 P.2d 684, 691 (1970). We do not find the state's proof of *corpus delicti* to be supported by substantial evidence in this case.

The presence of material which has incendiary properties only incidental to their primary purpose is not substantial evidence. We would distinguish this case from *Republic of Hawaii v. Tokuji,* 9 Haw. 548 (1894), where the facts showed the fire to have started in three distinct places and where oily wicking and matches were found nearby. In the case at hand, only the presence of debris is shown, a presence that is susceptible of more than one reasonable interpretation.

The state did not establish nor attempt to show that the materials present were somehow related to the fire's origin. The state has resources not available to defendants, especially indigent defendants. City fire inspectors or other experts could have been used to tie the debris to the cause of the fire. The burden is on the state to overcome the presumption that a fire has natural or accidental origins. *Simmons v. Commonwealth,* 208 Va. 778, 782, 160 S.E.2d 569, 572 (1968). We feel that the equivocal evidence presented did not overcome this presumption nor was it substantial evidence of a criminal agency.

When the state undertakes to overcome the presumption of natural origin through circumstantial evidence it must meet the further burden of disposing of any reasonable theory other than the guilt of the accused.

The *corpus delicti* may be established by circumstantial evidence, but, as is the rule in all cases where circumstantial evidence is relied upon, the state of facts must be inconsistent with any theory other than the guilt of the accused and the facts and circumstances disclosed and relied upon must be irreconcilable with the innocence of the accused in order to justify his conviction. *State v. Whisler*, 231 Iowa 1216, 1219, 3 N.W.2d 525, 527 (1942).

The state may rely on the circumstantial presence of incendiary material as in *State v. Tokuji, supra*, to establish a *corpus delicti*. However, where the material present is of an ambiguous nature reconcilable with the innocence of the accused, as in this case, the state has not met its burden. The state by the expert testimony available to it must at least establish a causal relationship between the debris and the burning in order to show a criminal agency.

We reverse for failure of the *corpus delicti* and award attorney's fees on appeal to counsel for the appellant.

*Joseph M. Gedan* for appellant.

*Douglas H. Ige*, Deputy Prosecuting Attorney (*Barry Chung*, Prosecuting Attorney, with him on the brief) for appellee.

CONCURRING OPINION OF LEVINSON, J.

I concur in the opinion of Richardson, C.J., but add this note as a reminder of the view I have expressed previously in my concurring opinion in *State v. Butler*, 51 Haw. 180, 186, 455 P.2d 4, 8 (1969) and in my dissenting opinion in *State v. Rocker*, 52 Haw. 336, 348, 475 P.2d 684, 691 (1970), and to which I still adhere, that we should make it clear that "substantial evidence" is that evidence which would justify a reasonable trier of fact in finding that the defendant was guilty beyond any reasonable doubt.

### DISSENTING OPINION OF MARUMOTO, J.,
### WITH WHOM ABE, J., JOINS

I dissent. This court reverses defendant's conviction in this case on the ground that the State had the burden of proving beyond a reasonable doubt that the fire was kindled by other than natural or accidental means, and that "[t]he only proof submitted by the state to meet the burden, was evidence of the presence of debris in the washroom."

The record shows more than that. The fire took place in a small four feet by seven feet room in a tenement building. It was one of the two rooms in the building containing toilet facilities.

The police officer, who investigated the fire, testified that the areas in the room where the electric wiring ran were not burned at all. From that testimony, the trial court concluded that the fire was not caused by any short-circuiting in the electric wiring system.

The testimony of the officer showed the following: five pieces of three-inch wide boards were burned from floor to ceiling; the toilet seat was also burned; the top of the porcelain water tank was blackened; items which could have been used to start the fire were spread on the floor in front of the toilet. The trial court concluded from that testimony that the fire was of incendiary origin.

The caretaker of the building testified that he saw the fire in the room and defendant walking out of the room, "Just like nothing business, just keep on walking."

A tenant of the building testified to the same effect, his testimony being as follows:

"Q. Now, while you were putting out the fire, pioing the fire, did you see Duprie around?[1]

"A. Yeah; this man stop.

"Q. Was he helping you folks putting out the fire?

"A. No."

In finding defendant guilty, the trial court stated: "Defen-

---

[1]Pio is a Hawaiian word which means extinguishing a fire.

6

dant, when seen, certainly didn't express any concern for the fire; expressing concern for the fire would be normal. It is grossly abnormal that he did not express concern. I think it is also grossly inordinate that he would step into the bathroom when the bathroom is that small, when a fire that size is going on at that time that it is not necessary for him to step into the bathroom to see that fire."

I think that the evidence in the record is sufficient for affirmance of the conviction under the substantial evidence test set forth in *State v. Kekaualua*, 50 Haw. 130, 433 P.2d 131 (1967), and *State v. Rocker*, 52 Haw. 336, 475 P.2d 684 (1970).